UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CV-25-F

| | |
|---|---|
| ABB INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

CONSENT JUDGMENT
(Fed. R. Civ. P. 58)

THIS CAUSE came on to be heard, pursuant to Rule 58 of the Rules of Civil Procedure and the consent of the parties, for the entry of this Consent Judgment.

A. Plaintiff ABB Inc. ("ABB") filed this lawsuit contending that it arranged to have Defendant CSX Transportation, Inc. ("CSX") ship a transformer from its St. Louis facility to a customer in Pittsburgh, Pennsylvania. ABB contends that its transformer was damaged during transit, that CSX was the receiving and delivering rail carrier for the transformer, and that ABB is entitled to recover from CSX all of its losses associated with the damaged transformer in the amount of over $550,000.

B. CSX admits to the jurisdiction of the Court over it and over the subject matter of this action. CSX denies that it is responsible for any damage to the transformer, denies that it would be liable for any of ABB's losses, and contends that a limitation of liability provision applied to the shipment of the transformer that would limit any liability on CSX's part to a maximum of $25,000.

C. On November 1, 2010, the parties filed cross-motions for summary judgment on CSX's limitation of liability affirmative defense. CSX also moved for summary judgment on the issues of causation, liability and damages.

D. On March 22, 2012, the Court denied ABB's motion and granted CSX's motion for summary judgment as to its limitation of liability defense, holding a $25,000 limitation of liability applied to the shipment of the transformer. On April 5, 2012, the Court denied CSX's motion for summary judgment as to the remaining issues.

E. ABB views the Court's order of March 22, 2012, on the applicability of the limitation of liability as effectively dispositive. This is because even if ABB prevails at trial on liability and damages, ABB's potential recovery at trial is reduced to an amount far less than the likely cost of trying the case. CSX agrees that the expense of trying this case in its present posture would likely exceed the amount remaining in controversy.

F. The economic inefficiency of trying the case in its present posture is bolstered by the fact that if the matter is tried now, the issue of the limitation of liability will not be before the District Court. It is possible, though, that on appeal from any final judgment, the Fourth Circuit Court of Appeals could determine that there is a factual issue related to the limitation of liability that requires a trial. In that case, if the Fourth Circuit remanded the matter for further proceedings on the limitation of liability, the parties and the Court would be faced with a second trial at a later date.

G. The parties have conferred regarding ABB's intent to appeal the March 22, 2012 Order. As explained above, both parties believe that a trial at this stage does not make economic sense, or further the interests of judicial efficiency. At the same time, both parties recognize and understand the need for the Court to conclude long-standing matters such as this one and remove them from the docket.

H. Thus, the parties have stipulated and agreed to entry of this Consent Judgment that fully and finally disposes of all claims asserted and that could have been asserted in this action.

I. However, the parties and the Court specifically agree that this Consent Judgment is without prejudice to ABB's right to appeal, and expressly reserves ABB's right to appeal, the Court's March 22, 2012 Order granting CSX's motion for summary judgment on CSX's limitation of liability defense.

J. The parties further stipulate and agree that nothing in this Consent Judgment shall be deemed an admission on the part of CSX of any wrongdoing, fault, or liability. CSX reserves its right to present any of its previously raised defenses on liability and damages in the event ABB prevails in an appeal of the Court's March 22, 2012 order and the matter is returned to this Court for trial.

NOW THEREFORE, it is ORDERED, ADJUDGED, and DECREED that:

1. The Court has jurisdiction over the parties to this Consent Judgment and the subject matter of this action. The parties and the Court agree that ABB expressly reserves the right to appeal the March 22, 2012 Order, and to the extent necessary to perfect that appeal this Consent Judgment as well.

2.  If ABB's appeal is dismissed or CSX prevails in an appeal of the limitation of liability issue and the Fourth Circuit Court of Appeals affirms the Court's March 22, 2012 Order, CSX shall pay to ABB the amount of $12,500 as a full and final resolution of this matter.

3.  If the Fourth Circuit Court of Appeals returns the case to this Court for a trial, CSX will have the right to present evidence of any of its previously raised defenses on liability and damages and the amount that may be awarded to ABB at trial, if anything, will be reduced by the amount of $12,500.

4.  By this Consent Judgment, the Court makes no findings of liability, as alleged in the Complaint or otherwise, on the part of CSX.

5.  Each party shall bear its own costs and attorneys' fees.

6.  This Consent Judgment constitutes a final judgment in this action.

Signed this 7th day of May, 2012.

James C. Fox
UNITED STATES DISTRICT JUDGE

**WE CONSENT:**

/s/Jeffrey M. Young
Jeffrey M. Young (N.C. Bar No. 21319)
ABB INC.
940 Main Campus Drive, Suite 200
Raleigh, NC 27606
Telephone: (919) 856-2514
Facsimile: (919) 856-2500
E-mail: jeff.young@us.abb.com

/s/Dauna L. Bartley
Dauna L. Bartley (N.C. Bar No. 38016)
SESSOMS & ROGERS, P.A.
1822 East Highway 54, Suite 200
Durham, North Carolina 27713
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
E-mail: dlbartley@sessomslaw.com
*Attorneys for Plaintiff*

/s/ Thomas D. Garlitz
Thomas D. Garlitz (N.C. Bar No. 8277)
THOMAS D. GARLITZ, PLLC
Suite 930, The Johnston Building
212 South Tryon Street
Charlotte, NC 28281
Telephone: (704) 372-1282
Facsimile: (704) 372-1621
E-mail: tgarlitz@gwattorneys.com
***Attorneys for Defendant***